IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SERGEY KHUDIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:12-CV-32-WKW |
| ) | [WO] |
| DJ MOVING SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

This dispute arose when an employee of Defendant DJ Moving Services, Inc. ("DJM"), dropped a crate on Plaintiff Sergey Khudin. The matter comes before the court on DJM's motion for summary judgment (Doc. # 15), which has been fully briefed.

### I. JURISDICTION AND VENUE

Subject matter jurisdiction exists under 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested.

### II. FACTUAL AND PROCEDURAL BACKGROUND

There are 2,736 miles of highway between Portland, Oregon, and Dothan, Alabama, and Mr. Khudin, owner of his own transportation business, had just driven them all when he arrived at DJM's facility with a shipment of moving crates. Before he could get back on the road, Mr. Khudin needed to take care of the paperwork. But

when Mr. Khudin got out of his truck and went to see about getting his bill of lading signed, the forklift driver who was offloading the trailer accidentally dropped a moving crate on him.

The accident left Mr. Khudin with a compound fracture of his left leg, lost wages, and medical bills. To recover for his injuries, he sued DJM on a theory of *respondeat superior*. (The forklift driver is not a party to this action.) The matter comes before the court on DJM's motion for summary judgment.

### III.  STANDARD OF REVIEW

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Under Rule 56, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no genuine issue of material fact, or by showing that the nonmovant has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24. "[T]he court must view all evidence and make all reasonable inferences in favor of the [nonmovant]." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).

Once the moving party has met its burden, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Rule 56(e)(2). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine factual dispute exists if "a reasonable jury could return a verdict for the non-moving party." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999) (internal quotation marks and citation omitted).

## IV.  DISCUSSION

Because Mr. Khudin has abandoned his claim for wantonness (*see* Doc. # 19, at 2), the only remaining question is whether DJM is entitled to summary judgment on negligence, specifically on the issue of Mr. Khudin's alleged contributory negligence as a matter of law.

Summary judgment is not warranted, however, because genuine issues of material fact preclude a finding that DJM is entitled to judgment as a matter of law. For instance, although DJM contends the forklift driver's conduct was not negligent, it is undisputed that he lost control of the crate and dropped it on Mr. Khudin. The forklift driver says the crate fell in the "blink of an eye" (Doc. # 16, at 4), but Mr.

Khudin's evidence suggests there may have been time to lower the forks and prevent the accident (Doc. # 19, at 7–8.) The forklift driver also admits he had time to give three oral warnings as the crate fell, yelling "get back, get back, get back." (Doc. # 19, at 15.) A reasonable jury might find the forklift driver's failure to lower the crate in time was unavoidable. Or it might conclude he could have prevented the accident by exercising due care by lowering the crate as DJM employees were trained to do. (Doc. # 19, at 8.)

Further, although DJM argues Mr. Khudin's own negligence contributed to his injuries, a reasonable jury could find otherwise. It is undisputed that Mr. Khudin was standing outside of the forklift's path and several feet away from the trailer (exactly how far is unclear) when the accident occurred. (Doc. # 16, at 4.) This is not a case of a plaintiff who walked knowingly into the path of a forklift driving in reverse. *See Lafarge N. Am., Inc. v. Nord*, 86 So. 3d 326 (Ala. 2011). Instead, there is evidence that Mr. Khudin attempted to stay out of harm's way. Nor did Mr. Khudin place himself in the path of the forklift; he was injured by the falling cargo, not by the forklift itself. A reasonable jury could find Mr. Khudin's efforts met his duty to exercise due care.

## V.  CONCLUSION

It is therefore ORDERED that Defendant's motion for summary judgment is GRANTED on Plaintiff's claim for wantonness and DENIED on the claim for negligence.

DONE this 15th day of January, 2013.

                                            /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE